

FILED
Apr 18 2024, 9:16 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Court of Appeals of Indiana

Richard A. Colvin,

*Appellant-Defendant*

v.

George M. Taylor,

*Appellee-Plaintiff*

April 18, 2024

Court of Appeals Case No.
23A-MF-2053

Interlocutory Appeal from the Henry Circuit Court

The Honorable Robert A. Witham, Judge

Trial Court Cause No.
33C01-2003-MF-26

**Opinion by Judge Bradford**
Chief Judge Altice and Judge Felix concur.

**Bradford, Judge.**

## Case Summary

[1] Richard Colvin and his wife entered into a contract for the sale of real estate ("the Contract") with George Taylor. Eventually, Taylor initiated foreclosure proceedings against Colvin. Colvin filed counterclaims against Taylor for abuse of process and conversion of his business and personal property. Colvin demanded a jury trial on all issues raised in the pleadings. The trial court denied Colvin's jury demand, after which Colvin sought this interlocutory appeal. Because we agree with the trial court that the equitable clean-up doctrine applies, we affirm.

## Facts and Procedural History

[2] In 2006, the Colvins entered into the Contract with Taylor. In March of 2020, Taylor initiated foreclosure proceedings against Colvin, allegedly in violation of Governor Holcomb's Executive Order 20-06 staying foreclosure proceedings. That September, Taylor petitioned for immediate possession of the real estate. On December 7, 2020, the trial court granted Taylor's petition, giving Colvin ten days to vacate the premises. On December 17, 2020, Taylor's agents began taking possession of the property and removing Colvin's personal property from the premises. In January of 2021, Colvin sought an interlocutory appeal challenging the possession order. *See Colvin v. Taylor*, 168 N.E.3d 784 (Ind. Ct. App. 2021).

[3] In that case, we concluded that the trial court had erred "by awarding immediate possession of the house to the seller without requiring the seller to 'file[] with the court a written undertaking in an amount fixed by the court and executed by a surety.'" *Id.* (quoting Indiana Code section 32-30-3-6). As a result, we reversed and remanded to the trial court. *Id.* After we had remanded the case to the trial court for further proceedings, Colvin filed a renewed motion to reconsider and vacate and set aside the possession order. The trial court granted his motion and ordered Taylor to return Colvin's business and personal property and other equipment.

[4] Also in January of 2021, Colvin filed his answer to Taylor's complaint, including ten affirmative defenses and two counterclaims. As part of his answer, Colvin requested "a trial by jury on all issues raised in the pleadings[.]" Appellant's App. Vol. II p. 50. Colvin counterclaimed against Taylor for abuse of process and conversion of his business and personal property, seeking $1.25 million in damages. On August 3, 2023, the trial court denied Colvin's jury demand. Subsequently, Colvin petitioned the trial court to certify this issue for interlocutory appeal and, once certified, we accepted jurisdiction.

## Discussion and Decision

[5] The Indiana Constitution guarantees that "[i]n all civil cases, the right of trial by jury shall remain inviolate." Ind. Const. art. 1, § 20. However, this provision preserves the right to a jury trial only as it existed at common law, and a party is not entitled to such a trial on equitable claims. *Lucas v. U.S. Bank,*

*N.A.*, 953 N.E.2d 457, 460 (Ind. 2011). "[W]hen both equitable and legal causes of action or defenses are joined in a single case, the equitable causes of action or defenses are to be tried by the court while the legal causes of action or defenses are to be tried by a jury." *Songer v. Civitas Bank*, 771 N.E.2d 61, 64 (Ind. 2002). Equity, however, subsumes an entire case where the "'essential features of a suit'" demonstrate that "the lawsuit as a whole is equitable and the legal causes of action are not 'distinct or severable[.]'" *Lucas*, 953 N.E.2d at 460 (quoting *Songer*, 771 N.E.2d at 68). On the other hand, where a case includes "plainly equitable causes of action and sufficiently distinct, severable, and purely legal causes of action, then the legal claims require a trial by jury." *Id*. at 461. On appellate review, "[w]hether certain claims are entitled to a trial by jury presents a pure question of law. Therefore, we review the issue *de novo*." *Id.* at 460.

[6] Colvin argues that, because he seeks damages in his counterclaims for Taylor's common-law torts of abuse of process and conversion, he is entitled to a trial by jury on those issues, despite the initial complaint consisting of an equitable claim. For his part, Taylor argues that Colvin's legal claims have been subsumed into equity by virtue of the equitable clean-up doctrine. We agree with Taylor that the equitable clean-up doctrine brings this entire case into equity.

[7] As a threshold matter, we lay out the various claims at issue. The present case began with Taylor's foreclosure action against Colvin. "[F]oreclosure actions are equitable, '[a]nd being essentially equitable, the whole of the claim is drawn

into equity, including *related* legal claims and counterclaims.'" *Lucas*, 953 N.E.2d at 465 (quoting *Songer*, 771 N.E.2d at 69) (emphasis added). As for his counterclaims, Colvin has asserted claims of abuse of process and conversion against Taylor based on Taylor's pursuit of immediate possession allegedly in violation of emergency orders, his failure to file a surety bond as required by Indiana Code section 32-30-3-6, and his removal of various personal and business items of Colvin's from the property. Consequently, we must determine whether Colvin's counterclaims are sufficiently related to the foreclosure such that the foreclosure action subsumes the legal claims.

[8] We find *Lucas* instructive on this issue. In that case, U.S. Bank filed a complaint to foreclose on the Lucases' property and, in response, the Lucases made numerous legal claims, including violations of the Truth in Lending Act, Real Estate Settlement and Procedures Act, and the Fair Debt Collection Practices Act, alleged civil conversion, civil deception, breach of contract and promissory estoppel, and breach of the duty of good faith and fair dealing. *Lucas*, 953 N.E.2d at 462–63. The Court acknowledged that the Lucases had raised claims that were legal in nature and had requested damages for many of those claims; however, "after looking at the cause *as a whole*," the Court "conclude[d] that the core questions underlying the Lucases' legal claims significantly overlap with the foreclosure action that invoked the equitable jurisdiction of the trial court." *Id*. at 466 (emphasis added). In other words, while there may have existed "peripheral issues of a legal nature, the heart of all

the legal claims […] rest[ed] on whether the Lucases [were], in fact, in default, and, if so, what the amount of their debt [was]." *Id*. at 467.

[9] Here, we similarly conclude that the case, as a whole, is equitable in nature and Colvin's claims for abuse of process and conversion and the foreclosure action are related such that the foreclosure action pulls the legal claims into equity. The factual contentions underpinning Colvin's counterclaims boil down to: (1) Taylor petitioned for immediate possession of the property in violation of the emergency order staying foreclosures; (2) the trial court scheduled a hearing with Colvin's having only received notice four days previously; (3) when Taylor moved for immediate possession of the property, he neglected to file a surety bond as required by statute; (4) Colvin did not receive the December 7, 2020 immediate-possession order until December 17, 2020; (5) the trial court did not order that Colvin's personal property would be considered abandoned to Taylor if not removed by December 17, 2020; (6) per statute, the trial court ordered the Henry County Sheriff to remove Colvin and his personal property from the property; (7) while taking possession of the property, Taylor damaged Colvin's personal property; and (8) Taylor's actions caused Colvin $1,250,000.00 in damages.

[10] Similar to the Lucases, Colvin essentially claims that, but for Taylor's allegedly unlawful actions in seeking foreclosure and immediate possession of the property, he would not have suffered money damages. *See Lucas*, 953 N.E.2d at 466. Despite Colvin's inclusion of two legal claims and a request for legal damages among his counterclaims and affirmative defenses, we conclude that

the core legal issues overlap with the foreclosure issue to a considerable degree. As the trial court noted, Colvin's "counterclaim[s] arise[] wholly out of Taylor's complaint and actions to take preliminary possession of the property pursuant to [the trial court]'s order and are significantly intertwined with Taylor's action[.]" Appellant's App. Vol. II p. 168.

[11] We recognize that the Indiana Constitution protects the right to a trial by jury on civil legal claims when the essential features of a suit are not equitable; however, our review of this suit leads us to conclude that its essential features *are* equitable. Accordingly, the equitable clean-up doctrine applies and pulls Colvin's legal claims into equity.

[12] The judgment of the trial court is affirmed.

Altice, C.J., and Felix, J., concur.

ATTORNEY FOR APPELLANT

Ralph E. Sipes
Anderson, Indiana

ATTORNEY FOR APPELLEE

Richard W. Greeson
The Law Offices of Wayne Greeson
Connersville, Indiana